Frances WHALEN, Appellant,

v.

CONDOMINIUM CONSULTING AND MANAGEMENT SERVICES, INC., La Mirage Homeowners' Association, Inc. and Nicho Enterprises, Inc., d/b/a La Mirage Condominiums, Appellees.

No. 13–98–425–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 27, 2000.

Lonnie C. McGuire, Jr., Irving, for appellant.

Ralph F. Meyer, Christopher Andrew Lowrance, Royston, Raysor, Vickery & Williams, Corpus Christi, Timothy D. McMurtrie, Corpus Christi, for appellees.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

**O P I N I O N**

Opinion by Justice DORSEY.

Frances Whalen was injured when she tripped and fell on a boardwalk owned by Condominium Consulting & Management Services, Inc. d/b/a La Mirage Condominiums ("La Mirage"). She complains she tripped on a board in the walkway that was higher than its neighbors. She appeals the trial court's grant of summary judgment against her. La Mirage filed summary judgment under both rule 166a(i), the "no-evidence" rule and the general rule. In its first point, La Mirage contends that Whalen has presented no evidence on two elements of her cause of action: causation and notice. Second, La Mirage contends that it has disproved the element of causation, and thus, it is entitled to judgment as a matter of law. We review these questions de novo. *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994).

■ We first address the no-evidence portion of the summary judgment. La Mirage contends that Whalen offered no evidence on the issue of causation—*i.e.,* whether the particular board in question actually caused her fall. We review the evidence in the light most favorable to Whalen, disregarding all contrary evidence and inferences. *See Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997); *Zapata v. The Children's Clinic,* 997 S.W.2d 745, 747 (Tex.App.—Corpus Christi 1999, no pet.). The trial court may not grant a no-evidence summary judgment if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Zapata,* 997 S.W.2d at 747; Tex.R. Civ. P. 166a(i).

■ Because Whalen was La Mirage's invitee, La Mirage owed her a duty to exercise reasonable care to protect her from dangerous conditions known or discoverable by La Mirage. *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998). The elements Whalen must prove in order to prevail are that: (1) La Mirage had actual or constructive knowledge of the condition of the boardwalk; (2) the condition posed an unreasonable risk; (3) La Mirage did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) La Mirage's failure to use such care proximately caused Whalen's injuries. *Wal–Mart,* 968 S.W.2d at 936; *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). La Mirage contends Whalen offered no evidence on the fourth element.

■ We disagree. La Mirage points to evidence showing that Whalen did not know for sure whether the protruding board caused her to fall; however, we disregard that evidence. *Zapata,* 997 S.W.2d at 747. Whalen testified in her deposition that she had gotten about halfway across the boardwalk when her left foot hit the protruding board. While she did testify that she was not looking at her feet the moment she tripped, she also testified that she felt her foot hit the board and when she got up she saw there was nothing else on the boardwalk that could have caused her fall. Steve Cox, the first person on the scene after the fall, testified in his affidavit that he saw the protruding

board in the immediate area where Whalen had fallen.

■ We note that causation does not have to be supported by direct evidence, but rather that circumstantial evidence and inferences therefrom are sufficient. *Texas Dept. of Transp. v. Olson,* 980 S.W.2d 890, 893 (Tex.App.—Fort Worth 1998, no pet.). Whalen's evidence is sufficient to raise a fact issue on causation. Whalen's testimony that she felt the board with her foot when she tripped is actually direct evidence that the protruding board caused the fall. A person may have personal knowledge of something felt but not seen. Also, both she and Cox saw the protruding board immediately after the fall in the immediate area of the fall, which is circumstantial evidence that the board caused the fall. This constitutes some evidence, and we hold the trial court erred in granting summary judgment on the basis that Whalen presented no evidence on causation.

■ La Mirage also argues that Whalen has presented no evidence that La Mirage knew or should have known about the unreasonably dangerous condition. Again, we disagree. Whalen presented the affidavit of Jeff Mobley, which stated that he had tripped on a protruding board on the boardwalk earlier the same day that Whalen tripped and fell on the boardwalk. He stated that the board was protruding ½ to ¾ inches above the other boards, and it was located immediately before a turn in the boardwalk. He stated that later that day, when Whalen fell, he saw that she had fallen at the exact location on the boardwalk where he had fallen. He also stated that he looked under the boardwalk in the area of the protruding board, and saw that the support beam into which the protruding board was nailed was split and the nails were coming out. He also stated that "[i]t appeared as though the beam had been split for quite some time, as the crack was approximately two feet long and highly visible." We hold that his affidavit constitutes sufficient evidence to raise a fact

issue on whether La Mirage knew or should have known of the dangerous condition.

In the case of *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454–55 (Tex.1972), the Texas Supreme Court accepted Section 343 of the Restatement (Second) of Torts (1965) as a summary description of the duty of reasonable care that an occupier of premises owes to invitees. Section 343 provides,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) *knows or by the exercise of reasonable care would discover the* condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger. (Emphasis added.)

In *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934 (Tex.1998), the Texas Supreme Court held the evidence not legally sufficient to support a finding that macaroni salad had been on a Wal–Mart floor long enough to charge Wal–Mart with constructive notice of the condition. *Id.* at 936. No witnesses testified that they had seen or were aware of the spilled macaroni before Gonzalez slipped on it. The only evidence offered regarding the length of time the macaroni salad had been on the floor was that it was "dirty," had "footprints and cart track marks" in it, and the plaintiff's daughter's opinion that it "seemed like it had been there a while." *Id.* The court found that to be no evidence that Wal–Mart had constructive notice of the spilled macaroni.

This case does not involve a foreign substance on the floor. Rather, the defect here is in the structure itself. Nonethe-

less, the test is whether a reasonably prudent owner/occupier would have recognized the dangerous defect. The defect must be in existence long enough to allow for its discovery.

Whalen has shown it was more likely than not the board on the boardwalk had been protruding for long enough that La Mirage should have noticed it. Both Jeff Mobley and Steve Cox testified that they saw that the board to which the protruding board should have been attached had split so that the nails were coming out the protruding board. Mobley stated that "it appeared as though the beam had been split for quite some time, as the crack was approximately two feet long and highly visible." It is reasonable to infer that the splitting of the underlying board causing a nail holding a board down to come loose and the board to begin protruding would happen over time. A lay witness may offer opinion or inferences which are rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Tex.R. Evid. 701. Lay opinion is adequate to prove causation where general experience and common sense enables a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Purina Mills, Inc. v. Odell,* 948 S.W.2d 927, 939 (Tex.App.—Texarkana 1997, pet. denied).

We believe that La Mirage's complaints about this evidence goes to the weight rather than the sufficiency of this evidence. True, it would have been more persuasive evidence had Whalen produced expert testimony regarding the cracking of wood on a boardwalk and how long that crack must have been there. However, we do not believe that expert testimony is necessary to show that the state of a wooden boardwalk indicates a dangerous condition has existed for a length of time sufficient for an owner to be charged with constructive notice. The obvious differences between food on the floor and ero-

sion of a boardwalk makes Whalen's evidence sufficient in this case to show that it was more likely than not the dangerous condition existed on the boardwalk for a time sufficient to give La Mirage constructive notice. Accordingly, we hold the trial court erred in granting summary judgment on the ground that Whalen presented no evidence that La Mirage should have known of the dangerous condition on its premises.

This court must still affirm the trial court's grant of summary judgment if La Mirage's third ground for summary judgement is sustained. When the trial court does not state the basis for its decision in its summary judgment order, we must uphold the order if any of the theories advanced in the motion are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). Therefore, we turn to La Mirage's contention that it has disproved the element of causation as a matter of law.

In reviewing a trial court's grant of a regular summary judgment under Rule 166a, we determine whether the movant met his burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Ken Petroleum Corp. v. Questor Drilling Corp.,* 976 S.W.2d 283, 286 (Tex.App.—Corpus Christi 1998, pet. granted). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true, every reasonable inference is indulged in favor of the non-movant and any doubts are resolved in its favor. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Ken Petroleum Corp.,* 976 S.W.2d at 286. A trial court should grant a defendant's motion for summary judgment when the defendant negates at least one element of each of the plaintiff's theories of recovery. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Ken Petroleum Corp.,* 976 S.W.2d at 286.

In analyzing this point, we refer back to the evidence addressed under Whalen's first issue. We do not believe that La Mirage has "disproved" causation. The same evidence that raises a fact issue under La Mirage's no-evidence point—that Whalen felt her foot hit the board and that witnesses saw the protruding board in the exact location where she fell—supports a finding that the protruding board caused Whalen to fall. We sustain Whalen's final point, REVERSE the trial court's grant of summary judgment and remand this cause for further proceedings consistent with this opinion.