NUMBER 13-00-600-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI

___________________________________________________________________

 

    WAL-MART STORES, INC.,                                                            Appellant,

 

v.

 

NORMA
RIOS,                                                                                 Appellee.

___________________________________________________________________

 

On appeal from the 332nd District Court of Hidalgo
County, Texas.

__________________________________________________________________

 

O P I N I O N

 

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez

 

 

This is an appeal from a final judgment in a
bill of review proceeding.  In a single
issue, appellant, Wal-Mart Stores, Inc. (AWal-Mart@), challenges the legal and factual
sufficiency of the evidence supporting a judgment in favor of appellee, Norma
Rios.  We reverse and render judgment in
favor of Wal-Mart.  








                                                                  Background

On Mother=s Day, May 8, 1994, Rios went shopping with her family at the Wal-Mart
located in Weslaco, Texas.  As she
walked down the main aisle,[1]
Rios slipped and fell in a pool of liquid later determined to be dishwashing
liquid.  An unidentified Wal-Mart
employee helped Rios to her feet. 
Ricardo Coronado, another Wal-Mart employee, completed an incident
report, which indicated Rios slipped on dishwashing liquid at approximately
4:45 in the afternoon.             

 Rios
sued Wal-Mart and Coronado for negligence.[2]  A jury found Wal-Mart and Rios each fifty
percent at fault and assessed Rios=s damages at $5,250.  On May 20,
1999, the trial court signed a judgment awarding Rios $3,507.54 in damages,
including pre-judgment interest.  








On October 15, 1999, Wal-Mart filed a
petition for a bill of review,[3]
stating that it had not received notice of the judgment.  Following a hearing, the trial court issued
an order on June 29, 2000 granting the bill of review.  Additionally, the trial court granted a new Ajudgment@on June 29, 2000 in the original cause number, granting the same relief
as the original judgment signed on May 20, 1999.  However, because the trial court had lost plenary power over the
underlying case, Wal-Mart then filed a motion to modify or reform the order in
the bill of review proceeding, and a motion to include the reporter=s record in the underlying case in the
appellate record.  Wal-Mart also
requested that the trial court enter a take-nothing judgment in its favor in
the underlying case as a result of the bill of review proceeding.  On September 7, 2000, the trial court signed
a final judgment in the bill of review proceeding, denying Wal-Mart relief on
the merits and leaving intact the court=s original May 20, 1999 judgment in the underlying case.  This appeal ensued.  

                                                                   Jurisdiction

We begin by addressing appellee=s contention that this Court lacks
jurisdiction to hear this appeal. 
Appellee argues that the trial court lacked jurisdiction because
appellant=s motion for judgment notwithstanding the
verdict, motion for new trial or remittitur and its motion to modify or reform
order in the bill of review proceeding were not timely filed.  Specifically, appellee argued, in response
to appellant=s motions and on appeal, that the motions
were filed more than thirty days after the judgment was signed on June 29,
2000.  Appellee argues that because July
29 was on a Sunday, the deadline for filing said motions was AMonday, July 30, 2000 and not July 31st as
counsel argued.@  See
Tex. R. Civ. P. 4.   








Initially, we note that appellee=s reference to AMonday, July 30, 2000" is inaccurate.  July 30, 2000 fell on a Sunday; the following Monday was July 31,
2000.  In addition, we conclude it is
unnecessary to address appellee=s claims as to the timeliness of appellant=s motions. 
Following the May 20, 1999 judgment, Wal-Mart properly filed a bill of
review within the time allowed by law.  See
Tex. R. Civ. P. 329b(f); Tex. Civ. Prac. & Rem. Code Ann. ' 16.051 (Vernon 1997); Caldwell v. Barnes, 975
S.W.2d 535, 538 (Tex. 1998) (applying residual four-year statute of limitations
to bills of review).  The trial court=s final judgment in the bill of review
proceeding, dated September 7, 2000: (1) takes judicial notice of the evidence
and proceedings in the underlying cause; (2) orders the reporter=s record and exhibits and clerk=s record in the underlying cause to be
included in the record of the bill of review proceeding; (3) states that if
Wal-Mart had timely filed a motion for judgment notwithstanding the verdict,
motion for new trial, or other post-trial motion, the court would have
overruled such motions; and (4) states that Wal-Mart is not entitled to relief
on the merits in the underlying cause different from the court=s original May 20, 1999 judgment.  We find that the trial court had
jurisdiction to enter the September 7, 2000 judgment and that we have
jurisdiction over this appeal.  

Standard of Review

Wal-Mart contends there is legally and
factually insufficient evidence that it possessed actual or constructive
knowledge of an unreasonably dangerous condition.








A Ano evidence@
standard of review is applied when the party without the burden of proof
challenges a finding of fact by arguing that the evidence is legally
insufficient to support the finding.  Hickey
v. Couchman, 797 S.W.2d 103, 109 (Tex. App.BCorpus Christi 1990, writ denied) (citing Croucher v. Croucher,
660 S.W.2d 55, 58 (Tex. 1983)).  When we
review a legal sufficiency of the evidence point of error, we must consider all
the evidence in a light favorable to the party in whose favor the verdict was
rendered, and every reasonable inference raised by the evidence is to be
indulged in that party's favor.  Formosa
Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960
S.W.2d 41, 48 (Tex. 1998); Hines v. Comm'n for Lawyer Discipline, 28
S.W.3d 697, 701 (Tex. App.BCorpus Christi 2000, no pet.). 
A legal sufficiency point may only be sustained when the record
discloses: (1) a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla; or (4) the evidence establishes conclusively
the opposite of the vital fact.  Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing Juliette
Fowler Homes, Inc. v. Welch Assoc., 793 S.W.2d 660, 666 n. 9 (Tex. 1990)); M.
Rivas Enters., Inc. v. Gaytan, 24 S.W.3d 402, 404 (Tex. App.BCorpus Christi 2000, pet. denied).  If there is more than a scintilla of
evidence to support the finding, the legal sufficiency challenge fails.  Formosa, 960 S.W.2d at 48; Stafford
v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987); Gaytan, 24 S.W.3d at
404.  When the evidence offered to prove
a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, the evidence is not more than a scintilla and, in
legal effect, is no evidence.  Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  The test for the application of the no evidence rule is: if
reasonable minds cannot differ from the conclusion, then the evidence offered
to support the existence of a vital fact lacks probative force, and it will be
held to be the legal equivalent of no evidence.  Id.; Hines, 28 S.W.3d at 701. 








When we review the factual sufficiency of the
evidence, we consider, weigh and examine all of the evidence which supports or
undermines the finding of the trier of fact. 
Plas-Tex, Inc. v. United States Steel Corp., 772 S.W.2d 442. 445
(Tex. 1989).  We review the evidence,
keeping in mind that it is the fact finder=s role, not ours, to judge the credibility of the evidence, to assign
the weight to be given to testimony, and to resolve inconsistencies within or
conflicts among the witnesses= testimony.  Corpus Christi
Teachers= Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex. App.BSan Antonio 1991, no writ).  We then overturn findings only if they are
so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996); Gaytan, 24 S.W.3d at 404.  The evidence is Ainsufficient@ to support a fact finding if the evidence  supporting the finding is so weak or the evidence to the contrary
is so overwhelming that the answer should be set aside and a new trial
ordered.  Gaytan, 24 S.W.3d at
404.

                                                                      Analysis          








To recover damages in a slip-and-fall case,
the plaintiff must prove: (1) actual or constructive knowledge of some
condition on the premises by the owner/operator; (2) that the condition posed
an unreasonable risk of harm; (3) that the owner/operator did not exercise
reasonable care to reduce or eliminate the risk; and (4) that the
owner/operator's failure to use such care proximately caused the plaintiff's
injuries.  CMH Homes, Inc. v. Daenen,
15 S.W.3d 97, 99 (Tex. 2000); Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998); Gaytan, 24 S.W.3d at 404.  Constructive knowledge is a substitute in
the law for actual knowledge.  CMH
Homes, Inc., 15 S.W.3d at 102.  In
premises cases, constructive knowledge can be established by showing that the
condition existed long enough for the owner or occupier to have discovered it
upon reasonable inspection.  Id. at
102-03.  In slip-and-fall cases, if
there is no actual knowledge of the condition posing an unreasonable risk of
harm, constructive knowledge can be based on the length of time that the
condition existed before the injury.  Id.
at 102.  To show that Wal-Mart had
constructive knowledge of the spill, Rios has the burden to show Athat it was more likely than not that
[the spill] had been there@ for a period of time within which Wal-Mart should have been aware of
the condition.  See Gonzalez, 968
S.W.2d at 938 (emphasis in original). 
Proving merely that the spill "could possibly have been
there long enough to make Wal-Mart responsible for noticing it" is
insufficient.  Id.  (emphasis in original).

In the present case, Wal-Mart challenges the
first element: actual or constructive notice. 
The notice requirement can be shown in one of three ways: (1) that the
owner/operator put the foreign substance on the floor; (2) that the owner/operator
knew that it was on the floor and negligently failed to remove it; or (3) that
the substance was on the floor so long that, in the exercise of ordinary care,
it should have been discovered and removed. 
Gaytan, 24 S.W.3d at 405. 
This requirement can be shown through direct or circumstantial
evidence.  Id.  A[W]hen circumstantial evidence is relied upon to prove constructive
notice, the evidence must establish that it is more likely than not that the
dangerous condition existed long enough to give the proprietor a reasonable
opportunity to discover the condition.@  Gonzalez, 969 S.W.2d at
935. 








There is no evidence that any Wal-Mart
employee had actual knowledge of the spill on the floor.  Accordingly, we must determine whether there
was evidence supporting the finding that Wal-Mart had constructive knowledge of
the spill.

Rios testified that when she fell, her
husband and a male Wal-Mart employee helped her up.  Her husband, Rogelio Rios, also testified that when he turned
around and saw that his wife had fallen, he rushed back to help her.  By the time he reached her, a Wal-Mart
employee approached and assisted him in helping his wife to her feet. 

Sandra Cavazos, a former Wal-Mart associate,
testified that it was Wal-Mart=s policy to conduct safety sweeps at 11:00 a.m. and 3:00 p.m., but that
such sweeps were actually conducted Aa lot more often than that.@  Cavazos testified that because
she was not at the store on the day Rios fell, she did not know whether, or
when, any sweeps were actually conducted in the area where the incident
occurred.  She also testified that if
the policy was followed that day and a sweep actually was conducted at 3:00
p.m., almost two hours would have transpired before Rios fell at approximately
4:45 p.m.  Coronado testified that there
were no logs indicating at what times inspections occurred.  He also testified that the spill occurred in
one of the main general walkways of the store, which was an area frequented by
Wal-Mart associates.  He testified that
the spill was clear dishwashing liquid and that the floor was light-colored,
making the spill difficult to detect.








Rios argues that because the spill occurred
in an area heavily traveled by customers and employees, Ait could have been very probable than not [sic]
that the spill would be detected by an employee.@  Rios also argues that because
a Wal-Mart employee  appeared to assist
her immediately after her fall, the employee=s close proximity to her and the area can be inferred, and had the
employee exercised ordinary care in inspecting the area, he should have
discovered and removed the spill.

In support of her argument that the evidence
is sufficient to establish Wal-Mart had constructive notice of the spill, Rios
cites Wal-Mart Stores, Inc. v. Reece, 32 S.W.3d 339,  344-45 (Tex. App. C Waco 2000, pet. filed); Wal-Mart Stores,
Inc. v. Tinsley, 998 S.W.2d 664, 668 (Tex. App. C Texarkana 1999, pet. denied); and Wal-Mart
Stores, Inc. v. Garcia, 30 S.W.3d 19, 23 (Tex. App. C San Antonio 2000, no pet.).  We find each of these cases distinguishable.  

In Reece, the court found Wal-Mart had
constructive notice of a spill where a plaintiff slipped in a small puddle in
the snack bar area of the store.  Reece,
32 S.W.3d at 341.  The evidence
showed that a Wal-Mart employee had walked within a few feet of the spill
moments before the plaintiff fell.  In
finding constructive notice, the court relied on the employee=s Aproximity to the spill, his responsibility to intervene whenever
walking past >a known hazard,= and the fact that the spill occurred in the concession area where the
store manager conceded spills are more likely to occur.@  Id.
at 345.








In Tinsley, a plaintiff fell in a
large puddle of water located in an action alley.  Tinsley, 998 S.W.2d at 667.  The court found the circumstantial evidence sufficient to
establish Wal-Mart had constructive notice of the spill where the plaintiff
testified that after her fall, she noticed that the ceiling tiles were
discolored and appeared to have water stains. 
Id. at 668.  A
Wal-Mart manager testified that she had, on several occasions, placed buckets
to catch water leaking from the ceiling due to condensation problems with the
air-conditioning system.   Id. 
There was additional testimony that water leaked from the ceiling due to
air-conditioning problems, and when that occurred, the water stayed on the
floor until it was discovered and cleaned up.  Id. at 668-69.

In Garcia, the court found Wal-Mart
had constructive notice where a plaintiff slipped and fell on a jalapeño in the
snack bar area.  Garcia, 30 S.W.
3d at 22.  The court relied on testimony
that no one in the snack bar area had been served a jalapeño prior to the accident;
the floor and snack bar area was littered with trash and trash bins were full;
and the food service personnel were in close proximity to the area where the
fall occurred and had an unobstructed view of the area.  Id. at 23.  The court concluded the evidence showed it was more likely than
not that the jalapeño had been on the floor long enough that the store
personnel should have cleaned it.  Id.

In the case before us, the evidence of
Wal-Mart=s constructive notice of the spill is
circumstantial.  The record contains no
evidence of the length of time the spill had been on the floor.  Although Rios argues that a Wal-Mart
employee must have been in close proximity to the spill because he helped her
up immediately after her fall, the record contains no evidence as to the
employee=s location or activity before the fall.  We conclude that the evidence supports Aonly the possibility that the
dangerous condition existed long enough to give [Wal-Mart] a reasonable
opportunity to discover the condition.@  Gonzalez, 968 S.W. 2d
at 935 (emphasis in original).








We note that in Lozano v. Lozano, No.
99-0121, 2001 Tex. LEXIS 17, *56-57, 44 Tex. Sup. Ct. J. 499, 503-04 (Tex.
March 8, 2001) (Phillips, C.J., dissenting and concurring)(publication status
pending), a majority of the Texas Supreme Court joined Chief Justice Phillips=s opinion, which stated that: 

Properly applied, the equal inference rule is
but a species of the no evidence rule, emphasizing that when the circumstantial
evidence is so slight that any plausible inference is purely a guess, it is in
legal effect no evidence.  But
circumstantial evidence is not legally insufficient merely because more than
one reasonable inference may be drawn from it. If circumstantial evidence will
support more than one reasonable inference, it is for the jury to decide which
is more reasonable, subject only to review by the trial court and the court of appeals to assure that such evidence is factually
sufficient.

 

Id.  Although the significance of Lozano is
unclear with regard to the Aequal inference rule,@[4] we conclude it does not alter the outcome in
the present case.  We conclude that  the circumstantial evidence in this case is
insufficient to support a reasonable inference that it was more likely than not
that the spill was on the floor long enough to give Wal-Mart a reasonable
opportunity to discover it.   We
therefore reverse the trial court=s judgment and render judgment in Wal-Mart=s favor. 


 

                                   
                                                                                   

LINDA REYNA YAÑEZ

Justice

 

Do not publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

2nd day of August, 2001.








 











[1]The main aisle is known as an Aaction alley.@  Sandra Cavazos, a Wal-Mart management
employee at the time of the incident, testified that an action alley is like a Ahighway@
used to get to specific areas of the store. 






[2]Trial court cause number C-6586-95-F in the 332nd
District Court of Hidalgo County, Texas. 
Coronado was later non-suited and is not involved in this appeal.   





[3]Trial court cause number C-5389-99-F in the 332nd
District Court.  





[4]The Aequal inference
rule@ provides that a jury may not reasonably infer an
ultimate fact from circumstantial evidence Awhich
gives rise to any number of inferences, none more probable than another.@  Hammerly
Oaks, Inc. v. Edwards, 958 S.W.2d 387, 392 (Tex. 1997).