**WAL–MART STORES, INC., Petitioner,**

v.

**Brian Lynn MILLER, Respondent.**

No. 01–1148.

Supreme Court of Texas.

March 27, 2003.

Kevin D. Jewell, Magenheim Bateman & Helfand, P.L.L.C., Houston, Douglas W. Alexander, Scott Douglass & McConnico, Austin, for Petitioner.

Randall P. Crane, San Benito, for Respondent.

PER CURIAM.

In this premises liability case, we must decide whether there is some evidence to support the jury's finding that the licensee, Bryan Miller, lacked actual knowledge about the dangerous condition. Because we conclude no evidence supports a finding that Miller lacked actual knowledge, we hold that Wal–Mart did not have a duty to warn or make safe the dangerous condition, and thus, the trial court correctly granted Wal–Mart's motion for judgment notwithstanding the verdict. Accordingly, we reverse the court of appeals' judgment and render judgment for Wal–Mart.

Wal–Mart hired a plumbing company to install an eyewash machine in the mechanics bay of a Wal–Mart store. Brian Miller, an employee of the plumbing company, went to the Wal–Mart store with a co-worker to show him where to install the machine. A Wal–Mart employee escorted Miller and his co-worker to the door leading to a storeroom. In the storeroom, there was a stairway leading to the water lines and shut-off valve.

After entering the storeroom, Miller noticed that Wal–Mart employees in the stockroom were unloading boxes from trucks and placing the boxes on the stairs.

Miller led his co-worker up the stairs, and on the way up, Miller noticed the stairs were "kind of slippery or slick" and that boxes were stacked along both sides of the stairway's middle section. Neither Miller nor his co-worker used the stairway's handrail while ascending the stairs.

After looking at the water lines and shut-off valve, Miller and his co-worker walked down the stairs. Miller's co-worker, who walked in front, warned Miller "to be careful of the stairs because they were kind of slippery." Miller testified that he held onto the stairway's one handrail, but, about halfway down the stairs, Miller released the handrail to walk around the boxes stacked along the side. Miller's foot then caught on one of the boxes, and he slipped on a step and fell. Miller's co-worker did not see the fall; he only turned to see Miller on the ground when a box hit the back of his legs.

Miller sued Wal–Mart under a premises defect theory. His petition alleges that Wal–Mart failed to make the stairway safe and failed to warn Miller about the dangerous condition—specifically, a slippery stairway with boxes stacked on it. The instructions submitted to the jury, a licensee-licensor premises liability charge, provided:

> With respect to conditions of the premises, WAL–MART STORES, INC., was negligent if-
>
> a. The condition posed an unreasonable risk of harm; and
>
> b. WAL–MART STORES, INC., had actual knowledge of the danger; and
>
> c. BRIAN LYNN MILLER did not have actual knowledge of the danger; and
>
> d. WAL–MART STORES, INC., failed to adequately warn BRIAN LYNN MILLER of the condition; and
>
> e. WAL–MART STORES, INC., failed to make the condition reasonable [sic] safe.

The jury found Wal–Mart 70% negligent and Miller 30% negligent and awarded Miller damages and pre-judgment interest. The trial court granted Wal–Mart's motion for judgment notwithstanding the verdict, which asserted, among other things, that Miller's actual knowledge of the dangerous condition precluded his recovery.

Miller appealed and argued that the trial court erred in granting a judgment notwithstanding the verdict because evidence supported each element of his premises defect claim. A divided court of appeals, sitting *en banc,* held that there was some evidence that Miller lacked knowledge of the dangerous condition and reversed the trial court's judgment notwithstanding the verdict. *Miller v. Wal-Mart,* 54 S.W.3d 481, at 485 (Tex.App.-Corpus Christie 2001).[1]

Before this Court, Wal–Mart contends that the evidence conclusively shows Miller had actual knowledge of the stairway's dangerous condition. Thus, according to Wal–Mart, the trial court correctly granted the judgment notwithstanding the verdict. In response, Miller argues that, even though he knew about the wet steps and boxes stacked on the stairway's sides, he did not know the danger these conditions

---

1. Wal–Mart contends that the court of appeals lacked authority to decide this case *en banc,* because (1) Wal–Mart argued the appeal before a panel only, (2) the court of appeals failed to notify Wal–Mart about the *en banc* consideration, and (3) Wal–Mart had no opportunity to argue before the entire court. While we recognize that *en banc* consideration is generally disfavored, our appellate rules authorize courts of appeals to consider a case *en banc* if the circumstances require and the court votes to do so. Tex.R.App. P. 41.1(a); 41.2(c)

presented. Moreover, Miller asserts that his not noticing the stairs were slippery until he was at least half way up the stairs, and his not noticing that the boxes blocked his access to the stairway's handrail until he began to go down the stairs, precludes a determination that he "appreciated the gravity of the harm threatened by the stairs' dangerous condition." We disagree with Miller and conclude that, as a matter of law, Miller had actual knowledge about the stairway's dangerous condition.

■■■■ A trial court's decision to grant a judgment notwithstanding the verdict should be affirmed if there is no evidence to support one or more of the jury findings on issues necessary to liability. *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990). In reviewing a "no evidence" point, we must view the evidence in a light that tends to support the finding of disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). If more than a scintilla of evidence supports the jury's findings, the jury's verdict and not the trial court's judgment must be upheld. *Mancorp, Inc.,* 802 S.W.2d at 228.

■■ This Court has explained the circumstances under which a licensor owes a duty to a licensee for an alleged premises defect:

> It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence.... An exception to the general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe.

*State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974) (citations omitted). According-

ly, to establish liability for a premises defect, a licensee must prove, among other things, that the licensee did not actually know about the alleged dangerous condition. *See, e.g., State v. Williams,* 940 S.W.2d 583, 584 (Tex.1996); *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992) (citing *Tennison,* 509 S.W.2d at 562; RESTATEMENT (SECOND) OF TORTS § 342). If the licensee has the same knowledge about the dangerous condition as the licensor, then no duty to the licensee exists. *Tennison,* 509 S.W.2d at 562; *see also Williams,* 940 S.W.2d at 584; *Payne,* 838 S.W.2d at 237.

For example, in *Lower Neches Valley Auth. v. Murphy,* this Court held that "[a] licensee is not entitled to expect that the possessor [of land] will warn him of conditions that are perceptible to him, or the existence of which can be inferred from facts within his present or past knowledge." 536 S.W.2d 561, 564 (Tex.1976). In other words, a licensor owes no duty to a licensee so long as the evidence conclusively establishes the licensee perceived the alleged dangerous condition. *See id.* at 564.

■■ Here, Miller alleges the combination of the slippery steps and the boxes on the stairs blocking his path and access to the handrail caused him to fall. In determining if there is some evidence of Miller's actual knowledge about the dangerous condition to support the jury's finding, the court of appeals relied on Miller's testimony that he did not notice the stairway was slippery until he was halfway up the stairs, and he did not notice the boxes blocked the handrail until he was going down the stairs. 54 S.W.3d at 484. Then, the court of appeals held that a reasonable inference from this "ambiguous evidence" is "that Miller did not comprehend the fact that the stairway was 'unreasonably' dangerous

until the moment he fell...." *Id.* at 484–85.

But the court of appeals' inference is unreasonable in light of Miller's undisputed testimony that, before he ascended the stairs, Miller noticed boxes "stacked along the sides" of the stairway's middle section. Moreover, as he ascended the stairs, he noticed some of the stairs were "slippery or slick." And, as Miller descended the stairs, he noticed the boxes obstructed his access to the handrail. He recognized all these factors—the very factors he alleges created a dangerous condition—before he fell on the stairs.

The corroborating testimony of his co-worker further supports that Miller knew about the stairway's dangerous condition; the co-worker similarly noticed the boxes stacked on the stairs before they went up, and he warned Miller about the slippery stairway when he led the way down. Thus, the uncontroverted evidence demonstrates that, prior to his fall, Miller perceived and thus had actual knowledge of the dangerous condition. Because Miller had actual knowledge of the alleged dangerous condition, Wal–Mart was relieved of any duty to warn or make safe the dangerous condition. *See Murphy,* 536 S.W.2d at 563 ("[The plaintiff licensee] had the same knowledge of this [dangerous] condition that [the Authority] could have had...."); *Tennison,* 509 S.W.2d at 562 ("[W]hen the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe.").

Because no evidence exists to support the jury's finding that Miller did not know about the dangerous condition, the trial court correctly rendered a judgment notwithstanding the verdict. Accordingly, we grant Wal–Mart's petition, and without hearing oral argument, reverse the court of appeals' judgment, and render judgment for Wal–Mart. *See* Tex.R.App. P. 59.1.