In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00106-CV
______________________________


THE CITY OF JEFFERSON, TEXAS, Appellant
 
V.
 
LERONDA VALLERY, Appellee


                                              

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. 0400017


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Leronda Vallery fell as she was walking on a small ramp leading into the City of Jefferson's
police department. She had traversed the ramp about once a month for as long as four years when
she went to visit her mother, an employee of the police department. Vallery suffered injuries and
brought suit against the City. Vallery's suit was in the nature of a premises liability claim. 
            The City brought a plea to the trial court's jurisdiction asserting that, under the rules of
governmental immunity,


 it could not be held liable for Vallery's injuries. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 101.021–.029 (Vernon 1997 & Supp. 2004–2005). In the same motion, the
City moved for summary judgment, but subsequently abandoned that motion and asked the trial court
to proceed solely on the plea to the jurisdiction. The trial court denied the City's plea to the
jurisdiction. The City now appeals and argues there was no subject-matter jurisdiction for two
reasons:
            (1) The claimant had knowledge of the alleged premises defect; and
            (2) There is no evidence that a contemporaneous activity caused the injury. 
We affirm. 
Vallery's Claim and the Standard of Review
            In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in
favor of the nonmovant and look to the nonmovant's intent. Tex. Ass'n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). We are not required to look solely to the pleadings when
deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is
necessary to resolve the jurisdictional issue raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
555 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law subject
to de novo review. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Whether a pleader has
alleged facts which affirmatively demonstrate a trial court's subject-matter jurisdiction is a question
of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes
a trial court's jurisdiction is also a question of law. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225–26 (Tex. 2004). Therefore, we will review the trial court's order de novo. 
            In Vallery's second amended petition,


 she alleged the City's immunity was waived and the
City was liable under Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2) and 101.0215(a)(3), (16),
(25), and (28).



            Vallery alleges that her action is brought pursuant to a waiver of governmental immunity. 
The Texas Civil Practice and Remedies Code provides in pertinent part that a governmental entity
is liable for "personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant according
to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).


 Vallery specifically alleged that
"she was injured by a condition of real property which would render a private citizen liable to her
for her injuries were they to have occurred on private property, and as a consequence thereof, the
City of Jefferson, Texas has waived its sovereign immunity and consented to suit under the Texas
Tort Claims Act . . . ."
            A court deciding a plea to the jurisdiction is not meant to decide the merits of the case in
resolving the jurisdictional question, but is required to make inquiry into the substance of the claims
presented to determine subject-matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554–55 (Tex. 2000). Whether a determination of subject-matter jurisdiction can be made at a
preliminary hearing or should await a fuller development of the merits of the case is left to the trial
court's discretion. Blue, 34 S.W.3d at 554;


 see also Miranda, 133 S.W.3d at 227 (citing Blue, 34
S.W.3d at 554) ("When the consideration of a trial court's subject matter jurisdiction requires the
examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller development of the case,
mindful that this determination must be made as soon as practicable.").
            (1) The claimant had knowledge of the premises defect
            The City claims that Vallery had prior knowledge of the premises defect which allegedly
caused her injury and therefore the trial court was deprived of subject-matter jurisdiction. 
            The petition alleges the City owed Vallery "the duty owed to a licensee on private property,
which is the duty not to injure the licensee through willful, wanton, or grossly negligent conduct." 
The pleadings include allegations the City designed and constructed a sidewalk handicap access in
an unsafe manner by reason of an excessive slope, violating the Americans with Disabilities Act,
willfully approved such construction in violation of its own building code, willfully failed to
maintain the ramp by installation of hand rails, hand holds, edge marking, all of which was known
by agents of the City. The City may be held liable only if it has violated a duty owed to a licensee. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.022. Vallery attempts to meet this requirement by
pleading facts to establish that the City was grossly negligent. In Miranda, the Texas Supreme Court
held that a gross negligence pleading was sufficiently stated when the plaintiff alleged that a falling
tree branch severely injured the plaintiff at a campsite, that such branches were unpruned and
uninspected, creating a danger of which the Department was aware, and that the plaintiffs had asked
a Department employee for a recommendation for a safe camping location. Miranda, 133 S.W.3d
at 230.
            In reviewing Vallery's pleadings, we find that she pled the necessary elements of a prima
facie case to invest the trial court with subject-matter jurisdiction. She brought suit alleging the City
was liable (as it would be were it a private person) because of willful, wanton conduct or gross
negligence in its construction and maintenance of the ramp entering its police department. Applying
a liberal construction to the pleadings, as required, demonstrates that Vallery has stated a cause of
action against the City for gross negligence. See id. 
            The City claimed Vallery knew of the condition of the ramp, thereby precluding her from any
recovery. In support, the City directs us to a brief excerpt from Vallery's deposition, wherein she
stated she did know of the "drop-off" on the sides of the ramp:
Q.So would it be fair to say that you knew what the ramp was like and that there
was a drop-off on the side?
 
A.Yes.
 
Q.Prior to your accident had you ever engaged in conversation with anybody
about that sidewalk or ramp?
 
A.No.
 
Q.Did you -- did you ever report it to anybody as being dangerous?
 
A.No.
 
Q.Did you consider it to be unreasonably dangerous?
 
A.No. 
 
Q.Would you say that the condition of the ramp was open and obvious?
 
[Vallery's attorney]:Object to the form. 
 
Q.[By City's attorney]: You can answer the question.
 
A.[Vallery] Yes.
            The City's attack on the trial court's subject-matter jurisdiction is based on Wal-Mart Stores,
Inc. v. Miller, which held that, where the licensee has the same knowledge of a dangerous condition
as the licensor, there exists no duty to the licensee. 102 S.W.3d 706, 709 (Tex. 2003). 
            We find that the City's reliance on Miller is misplaced. There the plaintiff alleged only
ordinary negligence against Wal-Mart, which contrasts with Vallery's suit, which alleges only willful,
wanton, or gross negligence on the part of the City. Vallery asserted a claim which requires that she
prove the City was grossly negligent. This pleading and the proof necessary are based on the general
standard involved for a licensee to recover from the licensor. See State v. Tennison, 509 S.W.2d 560
(Tex. 1974). If a plaintiff was on the premises merely as a licensee, the only duty a defendant would
owe him or her would not be to injure him or her willfully, wantonly, or through gross negligence. 
An exception to the general rule is that when the licensor has knowledge of a dangerous condition,
and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or
make the condition reasonably safe. Id. at 562. Vallery does not rely on the exception to the general
rule to claim that the City owes her the duty of ordinary care. In Miller, the plaintiff alleged
Wal-Mart knew of the slippery condition of the stairs and he did not; therefore, Wal-Mart breached
its duty to exercise ordinary care toward him. The jury answered questions concerning Wal-Mart's
negligence, not gross negligence. The entire discussion by the court in reviewing the case was based
on the allegation that Wal-Mart knew of a dangerous condition, failed to warn the plaintiff, that the
plaintiff did not know about it, all of which invoked Wal-Mart's duty to use ordinary care. In that
context, the Texas Supreme Court stated that, "If the licensee has the same knowledge about the
dangerous condition as the licensor, then no duty to the licensee exists." Miller, 102 S.W.3d at 709. 
That does not apply to this case because Vallery is not alleging the City knew of a condition of which
she was unaware or that the City failed to exercise ordinary care. Under the pleadings, the plaintiff
is only entitled to a jury submission (if raised by the evidence) questioning if the City was grossly
negligent. Therefore, we hold that Vallery's knowledge of the condition of the premises in this
context does not negate the duty the City has not to injure her willfully, wantonly, or by gross
negligence. The pattern jury instruction clearly makes this distinction. Compare Comm. on
Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC 66. 5 (2003)
with Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC
66.8 (2003) ("PJC 66.8 presents a ground of recovery independent of that found in PJC 66.4 or PJC
66.5." PJC 66.8 cmt.). Hence, the degree of Vallery's knowledge about the ramp and its condition
are not necessarily relevant to the trial court's determination of subject-matter jurisdiction. We
overrule the City's first point of error.
            (2) No evidence that a contemporaneous activity caused the injury
            The City alleges that Vallery has not pled any negligent activity liability and prays that we
dismiss Vallery's claim based on a condition or use of tangible property separate from her premises
liability claim. Recovery on that theory requires that the person have been injured by or as a
contemporaneous result of the activity itself rather than by a condition created by the activity. 
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). We agree there is no allegation by Vallery
that she is claiming that a contemporaneous activity of the City caused her injuries. Consequently,
no such claim is before us to dismiss. Vallery's claim clearly is a premises liability claim that the
City acted willfully, wantonly, or was grossly negligent in the construction and maintenance of the
ramp. 
            We affirm the trial court's denial of the City's plea to the jurisdiction. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 8, 2004
Date Decided:             February 11, 2005