# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2022

Lyle W. Cayce
Clerk

No. 21-40913
Summary Calendar

Carolyn Sue Allen; Christopher James Allen,

*Plaintiffs—Appellants*,

*versus*

Sherman Operating Company, L.L.C., doing business as Texoma Healthcare,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-cv-290

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

This appeal arises from a fall at a workplace. Plaintiff-Appellants Carolyn Sue Allen and Christopher James Allen appeal the district court's dismissal of their claims on summary judgment. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40913

## I

For the better part of a decade, Mrs. Allen worked for Defendant-Appellee Sherman Operating Company, LLC (Sherman) in Sherman, Texas. In 2018, Mrs. Allen tripped on a phone cord at work and sustained numerous injuries.

She and her husband then sued Sherman, asserting claims for ERISA violations, premises liability, and a loss of household services. Sherman moved for summary judgment, which the district court (upon a magistrate judge's recommendation) granted as to all claims.

## II

We review a district court's grant of summary judgment *de novo*. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). We view the record in the light most favorable to the non-movant, *id.*, and can affirm on any ground supported by the record and presented to the district court, *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015).

The district court dismissed on summary judgment the Allens' premises liability claim because it found that the phone cord was an open and obvious condition that Sherman had no duty to warn of or fix. On appeal, the Allens challenge only that finding. They argue that no evidence exists to show that Mrs. Allen knew of the cord's presence that day or how dangerous it was, nor evidence that shows that the danger was so open and obvious as to charge her with knowledge.

No. 21-40913

While Sherman has a duty to use ordinary care to provide a safe workplace, it is not an insurer of its employees' safety. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). It does not have a duty to "warn of hazards that are commonly known or already appreciated by the employee." *Id.* (citation omitted). Nor does Sherman have a duty to inform of hazards that are "open and obvious." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015) (citations omitted). Whether a danger is open and obvious is objective—what matters is not what Mrs. Allen knew but rather if a normal invitee "would have knowledge and full appreciation of the nature and extent of danger such that knowledge and appreciation of the danger are considered as proved as a matter of law." *Los Compadres Pescadores, LLC v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (quotations and citation omitted).

But we need not worry about whether the phone cord was open or obvious: Sherman employees—including Mrs. Allen—*knew* about the cord and its dangers. The record indicates that Sherman employees complained repeatedly about the cord to management, that employees tripping over the cord was a "daily thing," and that employees often tried to move the cord to mitigate its risks. Mrs. Allen testified that she herself had moved the cord—*to prevent tripping*—at least twice, and had no reason to disagree with her earlier statement that she had seen the cord "many times." She also agreed that tripping over a phone cord on the ground was a hazard of daily life that required no special training to identify or avoid.

The Allens argue that even if Mrs. Allen knew of the cord, she didn't know it was there *that day*. But Mrs. Allen was "not entitled to expect that [Sherman would] warn [her] of conditions that are perceptible to [her], or the existence of which can be inferred from facts within [her] present *or past* knowledge." *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex.

No. 21-40913

2003) (emphasis added) (quoting *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 564 (Tex. 1976)).

Mrs. Allen knew this phone cord could be hazardous and had taken steps to make it safer in the past. Sherman had no duty to warn of or fix a hazard generally known to its employees or to Mrs. Allen herself. The phone cord was both.

AFFIRMED.