

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00260-CV

_____

BLANCA AMES, NATALIE AMES, BRANDON APRIL, CHELSEA ASANTE, SHARON CAGER, KENDRA BEGLEY, HILLARY BUTTERS, BRANDON CAMFIELD, DABRIELLE FRANKLIN, TRAVIS FULTON, JENNY FULTON, SHALINA GOWINS, ASHLEY GRANT, MARSHALL GRANT, KATELYN GRANT, DEMETRIA HALL, GUY HALVERSON, PATRICIA HERRINGTON, KIMBERLY JOHNSON, CURTASIA LENTON, JAMAL MANINGO, JASON MARSHALL, TAMESHIA MATTHEWS, SAMUEL MCCLELLAN, OMAR NAFEA, STEPHANIE OWENS, ANDREMARIE PAREDES, ASHLEY PENA, CAROLINE PEREZ, DAVIS PIDADRO, FEDERIKA POLK, GABRIELLE PRUITT, AHMAD RASHID, MICHAEL SAPP, MATTHEW SELBY, YANG WON SHIN, ERICA SMITH, BRANDON SON, MARION SOWARD, STEPHANIE STEVENSON, SANDRA UNORJI, PATRICIA WHITLOCK, AND MICHELLE WILLIS, APPELLANTS

V.

FSC ROSEHILL ASSOCIATES, LLC, WESTWOOD RESIDENTIAL COMPANY AND TAYLOR LAND TWO COMPANY, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-9774-431

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

After a fire at the Rose Hill Apartments, tenants of the apartments filed suit against Appellees FSC Rosehill Associates, LLC, Westwood Residential Company, and Taylor Land Two Company for their damages. The trial court dismissed all the claims of a group of Plaintiffs and dismissed the remaining Plaintiffs' claims for negligence per se, gross negligence, premises liability, and mental anguish, leaving only a negligence claim. A jury found in favor of Appellees on Appellants'[1] negligence claim, and the trial court rendered judgment in accordance with the jury's verdict. Appellants filed a motion for judgment notwithstanding the verdict and a motion for new trial, and the trial court denied both motions. In two issues, Appellants argue that the trial court erred by denying their motions. We affirm.

## Factual and Procedural Background

In the early morning hours of August 30, 2020, lightning struck the Rose Hill Apartments, causing a fire to ignite in the attic area above one of the third story apartments. Tenants of the Rose Hill reported that they were not alerted to the fire by a fire alarm system, but they exited the building after they smelled smoke. All tenants were able to safely evacuate the building. Building 1 of the Rose Hill was destroyed by the fire and by water damage from extinguishing the fire.

---

[1]We will refer to the remaining plaintiffs as Appellants.

Tenants of the Rose Hill filed suit against Appellees[2] alleging causes of action for negligence, premises liability, negligence per se, mental anguish, and gross negligence. Appellants theory at trial was that the fire was allowed to spread at a rapid rate because the Rose Hill's fire alarm and suppression systems were not working properly. One tenant testified at trial that he had heard a "loud boom" when lightning struck the building. Soon after, he smelled smoke and saw fire, but there were no sprinkler systems activated and there were no fire alarms. He said that tenants were banging on doors trying to wake up the other tenants to evacuate from the building. He observed that the fire went from a small fire to a large fire very quickly.

Kimberly Cantrell was the property manager of the Rose Hill at the time of the fire. Cantrell testified that the Rose Hill contracted with a third party for its fire alarm system. At trial, Cantrell identified a document indicating that in November 2018—prior to her time as property manager at Rose Hill—there was a short circuit in the control panel of the fire alarm system for Building 1 and that the control panel needed to be replaced. The fire alarm system was "red-tagged," meaning that the system did not pass inspection and that the owner can be fined. Appellants' counsel introduced Plaintiff's Exhibit 21, which detailed previous service requests for the Rose Hill, and

[2]High Tech Low Volts, LLC, Central Fire Protection, Inc., and Maxim Fire Systems, LLC were also named as defendants in the suit. Plaintiffs filed a Notice of Nonsuit as to Maxim Fire Systems. The trial court signed an order severing the cause of action against Central Fire Protection. High Tech Low Volts did not appear at trial and is not a party to this appeal.

Cantrell agreed that the document did not show that the control panel had been replaced. Cantrell testified, however, that the fire alarm system would not have passed its subsequent inspections if the control panel had not been repaired. For example, the fire alarm system passed inspection on June 5, 2020.

Captain Chris Lawler with the Lewisville Fire Department testified that he was at the scene of the Rose Hill fire and that he assisted in the investigation of the fire by taking photographs, including photographs of the fire suppression equipment and alarm panels. Captain Lawler could not confirm or deny whether the fire suppression system had operated correctly because the fire department did not conduct an investigation on that system. Captain Lawler noted that the fire had started in the attic and had spread throughout the common attic area. He noted that the fire never spread below the ceiling of the third-floor apartments. The third floor of the building collapsed; Captain Lawler speculated that it had collapsed because of the water from firefighting efforts. Captain Lawler could not testify whether there had been any fire walls or fire barriers, but he agreed that if they had been present and in working condition, he could not see the fire traveling as far as it did. He added, however, that the fire was wind-driven, causing it to expand rapidly.

Captain Lawler testified that fire sprinkler systems are designed to keep a fire under control, not to extinguish the fire. That the sprinklers did not extinguish the fire, he explained, does not indicate the system failed to work properly. Captain Lawler further stated that he could not say that there had been a problem with the fire

alarm system or the fire sprinkler system. He offered no opinion on whether the property owner or manager had done something that made the fire grow faster than it should have, but he specifically noted that the weather was a "big concern" for the spread of the fire.

Numerous tenants testified at trial and gave their personal accounts of the fire including their alleged damages. Appellants offered as exhibits several inventories detailing their damages and expenses. Some of the named plaintiffs in the petition were not available to testify at trial.

After Appellants rested their case, Appellees moved for a directed verdict as to the claims of negligence, negligence per se, and premises liability. Appellants withdrew their claim for negligence per se, and the trial court granted judgment on that claim as a matter of law. The trial court further granted judgment as a matter of law against Appellants' claims for premises liability and gross negligence and on the issue of mental anguish. The trial court did not submit to the jury any claims by the plaintiffs who did not testify at trial because there was no evidence of their damages. The only claim that was submitted to the jury was the negligence claim of those plaintiffs who testified at trial.

Appellees offered the expert testimony of Mark Goodson, who operates a failure analysis lab. Goodson reviewed inspection reports for the fire system at the Rose Hill. He testified that according to the June 5, 2020 inspection report, the sprinkler system and fire alarm system were both working properly. Goodson said

that as of 5:02 a.m. on the morning of the fire Rose Hill's fire alarm system was operational. Goodson concluded that the fire alarm system was functioning properly before lightning struck the Rose Hill and that any problem in November 2018 causing the system to be "red-flagged" appeared to have been resolved.

The jury found against Appellants on their negligence claim. Appellants filed a motion for new trial and a motion for judgment notwithstanding the verdict, and the trial court denied the motions. On appeal, Appellants do not challenge the trial court's judgment as a matter of law on the claims of negligence per se, gross negligence, premises liability, and mental anguish. Nor do Appellants challenge the trial court's dismissing the claims of the plaintiffs who did not testify at trial. Appellants' only argument on appeal is that the trial court erred by denying their motion for judgment notwithstanding the verdict and motion for new trial.

## Discussion

In their first and second issues, Appellants argue that the trial court erred by denying their motion for judgment notwithstanding the verdict and motion for new trial.

## I. Standards of Review

### A. Standard of Review for the Denial of a Motion for JNOV

We review the denial of a motion for JNOV under a legal sufficiency or "no evidence" standard, meaning we credit evidence favoring the jury verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See*

7

*Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005). "[E]very reasonable inference deducible from the evidence is to be indulged in" support of the jury's finding. *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)); *see City of Keller*, 168 S.W.3d at 822. We will uphold the denial of a motion for JNOV if more than a scintilla of competent evidence supports the verdict. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). Evidence exceeds a scintilla when it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Havner*, 953 S.W.2d at 711.

**B. Standard of Review for the Denial of a Motion for New Trial**

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 807 (Tex. App.—Fort Worth 2010, no pet.). To determine whether a trial court has abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court acted in an arbitrary or unreasonable manner. *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

**II. Analysis**

To prove a negligence claim, a plaintiff must establish (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). "Negligence"

8

means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *Douglas v. Aguilar*, 599 S.W.3d 105, 109 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008)).

Appellants present the following timeline of the sequence of events regarding the fire on August 30, 2020:

- 5:24 a.m. lightning struck the Rose Hill apartment complex.

- 5:42 a.m. the Lewisville Fire Department was notified of a fire in progress at the apartment complex.

- 5:51 a.m. the Lewisville Fire Department arrived at the apartment complex.

- 5:57-6:03 a.m. the fire spread throughout the north and east side of Building 1.

- 6:04 a.m. the fire department began spraying the fire with water hoses.

- 8:40 a.m. the fire was subdued.

Appellants contend that "common sense" and the "sequence of events" establish that Appellees failed to properly "install and/or maintain fire" suppression systems. Appellants argue that the trial court erred by denying their motion for JNOV and motion for new trial because

> [u]ncontroverted evidence suggests a fire suppression system control
> panel was red-tagged and never replaced at the [Rose Hill] apartment

9

complex which caused delays in notifying the fire department causing preventable property damage to [Appellants]. Moreover, the rapid spread of the fire and the nature of how it spread through uncontroverted witness testimony conclusively proves fire walls and barriers per adopted fire codes were not met and caused [Appellants'] respective damages.

Appellants assert that Captain Lawler "concluded [that] a timely alarm would have prevented the fire from spreading and [that] there was no evidence to suggest the sprinkler system was functioning properly." However, Captain Lawler testified that he could not confirm or deny anything regarding the fire suppression system because the fire department had not investigated that system. He further testified that he did not have any information regarding whether there had been any problem with either the fire alarm system or the sprinkler system. Captain Lawler could not confirm or deny whether there had been a fire barrier in place in the attic of the Rose Hill. He specifically testified that he was not expressing an opinion on whether Appellees had done anything to make the fire grow more rapidly than it should have. In his opinion, the weather contributed to the spread of the fire.

While there was evidence that the fire alarm system was "red-tagged" in 2018 for a faulty control panel, there was further testimony that the repair had to have been made at some point because the system subsequently passed an inspection on June 5, 2020, less than three months before the fire.

The evidence supports the jury's finding that Appellees were not negligent. While there was some evidence that tenants of the Rose Hill did not hear fire alarms and did not see the sprinkler system activate, there was also evidence that the system

10

was functioning properly prior to the lightning strike. Although Appellants argue that the Rose Hill did not have fire walls and barriers required by the adopted fire codes, the fire codes were not admitted at trial, and there was no evidence of any violation of the applicable fire codes. Captain Lawler could not conclude that any actions by Appellees had caused the fire to spread more rapidly. We hold that more than a scintilla of evidence supports the jury's verdict; therefore, the trial court did not err by denying Appellant's motion for JNOV. *See Wal-Mart Stores, Inc.,* 102 S.W.3d at 709. (Tex. 2003). We overrule Appellants' first issue.

Because the evidence supports the jury's finding that Appellees were not negligent, the trial court did not abuse its discretion by denying Appellants' motion for new trial. *See Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *5 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (holding that because "the evidence is both legally and factually sufficient to support the jury's finding that [the defendant] was not negligent[,] [t]he trial court, therefore, did not abuse its discretion by denying [the plaintiff's] motion for new trial"). We overrule Appellants' second issue.

## Conclusion

Having overruled Appellants' two issues, we affirm the trial court's judgment.

11

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  March 6, 2025